UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOUISE CHRISTINE CONRAD, | Case No. C25-491-RSM |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE |
| v. | |
| CINEMARK USA, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Century Theatres, Inc. d/b/a Cinemark Totem Lake Kirkland ("Defendant")'s Motion to Continue the Scheduling Order or, in the alternative, to extend the discovery deadlines. Dkt. #22. Plaintiff Louise Conrad opposes the Motion. Dkt. #23.

Trial is currently set for May 18, 2026, with discovery to be completed by January 20, 2026. Dkt. #15. Defendant requests a continuance of three months for all deadlines because Defendant claims they "do not have adequate time to prepare for trial" or "to have discovery completed by" the current deadlines. Dkt. #22 at 2. Defendant states that they have "over 4,000 pages not including imaging" of Plaintiff's medical records but claims they have not received a substantial number of required records, as well as that "approximately six depositions" are still

needed. *Id*. at 5. Defendant is also "interested in engaging in mediation before trial" but argues they need "complete or nearly complete medical records and multiple depositions" to prepare for mediation or trial. *Id*. at 3. Defendant contacted Plaintiff's counsel on November 20, 2025 to discuss stipulating to a continuance, but Plaintiff's counsel declined. *Id*.

Plaintiff contends that she has provided Defendant with all of her medical records and bills related to her relevant injuries. Dkt. #23 at 3. Defendant's claims of needing more time to go through thousands of pages and needing more records "stems from Defendants' request for Plaintiff's medical records from 2017 to present," which she claims "are entirely unrelated and irrelevant to the injury at issue." *Id*. Plaintiff also contends that "Defendants have not made any effort to schedule depositions." *Id*. at 4. In their Reply, Defendant argues that "it is critical for Defendant to obtain the medical records . . . in order to evaluate damages and depose Plaintiff" due to her history of injuries and falls prior to the incident at issue. Dkt. #25 at 3-4.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. Id. However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*. "[T]his rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." LCR 16(m).

Defendant appears to have acted diligently in completing discovery and preparing for trial, and the Court finds good cause to amend the scheduling order. The Court notes that the trial date in this matter has not previously been continued, and the Court granting this request

1   will result in minimal, if any, prejudice to Plaintiff. Accordingly, the Court will grant
2   Defendant's request.
3       Having considered the instant Motion, relevant briefings, and the remainder of the record,
4   the Court hereby finds and ORDERS that Defendant's Motion to Continue, Dkt. #22, is
5   GRANTED. Trial and related dates are continued for three (3) months. A revised scheduling
6   order with amended deadlines will be issued shortly.

8   DATED this 29th day of December, 2025.

            *(signature)*
10          RICARDO S. MARTINEZ
11          UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE - 3